FILED
2016 AUG 24 AM 9: 22

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| ANTHONY H. LETT, | ) | CASE NO. 1:16 CV 1886 |
| Plaintiff, | ) | JUDGE DAN AARON POLSTER |
| v. | ) | |
| CAROLYN FRIEDLAND, Judge, et al., | ) | MEMORANDUM OF OPINION AND ORDER |
| Defendants. | ) | |

Plaintiff *pro se* Anthony H. Lett, a federal pretrial detainee in custody at the Northeast Ohio Correctional Center, brings this 42 U.S.C. § 1983 action against Judge Carolyn Friedland, the Adult Parole Authority, Lake Erie Correctional Institution, and Assistant Warden Vantel. Plaintiff alleges in the complaint that, in December 2015, he was granted jail time credit by Judge Friedland, but was nevertheless not released immediately. Plaintiff asserts this violated his constitutional rights. For the reasons stated below, this action is dismissed.

A district court is expressly required to dismiss any civil action filed by a prisoner seeking relief from a governmental officer or entity, as soon as possible after docketing, if the court concludes that the complaint fails to state a claim upon which relief may be granted, or if the plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A; *Siller v. Dean*, No. 99-5323, 2000 WL 145167, at *2 (6th Cir. Feb. 1, 2000). §1915A; *Siller v. Dean*, No. 99-5323, 2000 WL 145167, at *2 (6th Cir. Feb. 1, 2000).

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me

accusation. *Id.* A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* Nor does a complaint suffice if it tenders naked assertion devoid of further factual enhancement. *Id.* It must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id.*

Principles requiring generous construction of *pro se* pleadings are not without limits. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985). A complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements. *See Schied v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988). District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments. *Beaudette*, 775 F.2d at 1278. To do so would "require ...[the courts] to explore exhaustively all potential claims of a *pro se* plaintiff, ... [and] would...transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Id.*

The instant complaint simply does not contain allegations reasonably suggesting plaintiff might have a valid federal claim. First, judicial officers acting within their judicial capacity are absolutely immune from civil suits for money damages. *Mireles v. Waco*, 502 U.S. 9, 9 (1991); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997). Moreover, assuming plaintiff seeks to raise a claim under the Eighth Amendment, he would need to set forth allegations showing he was subjected to prolonged detention, and that this was the result of the defendants' "deliberate

2

indifference." *Campbell v. Peters*, 256 F.3d 695, 700 (7th Cir.2001). Deliberate indifference requires more than negligence, but rather "must meet 'essentially a criminal recklessness standard, that is, ignoring a known risk.'" *McGee v. Adams*, 721 F.3d 474, 480–81 (7th Cir.2013). Even liberally construed, the complaint does not contain allegations reasonably suggesting defendants held plaintiff beyond the term of his sentence and were deliberately indifferent in doing so.

Accordingly, this action is dismissed under section 1915A. Further, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

DAN AARON POLSTER
UNITED STATES DISTRICT JUDGE